# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASHMIR CHINEDU LUKE,<br><br>Defendant. | Case No. 1:25-cr-00230-JLT-SKO-1<br><br>ORDER REGARDING STIPULATION TO CONTINUE DEADLINES FOR FILING A REVIEW OF DETENTION ORDER<br><br>(ECF No. 18) |

Before the Court is the parties' stipulation to continue the deadline for filing a review of a detention order, pursuant to 18 U.S.C. § 3145(b) and Local Rule 430.1(j).

This matter commenced on June 10, 2025, by criminal complaint charging Defendant Cashmir Chinedu Luke with health care fraud, 18 U.S.C. § 1347. (ECF No. 1.) On that same date, the Court issued an arrest warrant. (ECF No. 6.) On December 2, 2025, Defendant was arrested, pursuant to the warrant from the Eastern District, in San Francisco, California. (Id.) On December 3, 2025, the Hon. Thomas A. Hixson, Northern District of California, presided over an initial appearance and set a detention hearing. United States v. Luke, No. 3:25-mj-71442-MAG, ECF No. 2 (N.D. Cal. Dec. 3, 2025). Following a hearing, Judge Hixson ordered that Defendant be detained, as well as ordering that Defendant be transported for arraignment and a status conference before the undersigned. Id. at ECF Nos. 8, 9.

Back in the Eastern District, on December 11, 2025, the Grand Jury returned an indictment, charging Defendant with two counts of health care fraud, 18 U.S.C. §§ 1347(a)(1),

(2).  (ECF No. 7.)

Defendant and the Government thereafter stipulated to set Defendant's arraignment for January 20, 2026, which the Court granted.  (ECF Nos. 10, 11.)  On January 14, 2026, Defendant filed a motion for bail review to be heard following arraignment.  (ECF No. 12.)  That motion was fully briefed (ECF Nos. 13, 14), and on January 20, 2026, the Court held the arraignment and a hearing on the motion for bail review.  (ECF No. 15.)  The Court accepted Defendant's plea of not guilty as to the two counts of the indictment.  (Id.)  The Court then heard argument on Defendant's motion for bail review.  For the reasons stated on the record, the Court denied the motion.  (ECF No. 17.)

On January 28, 2026, the parties filed the instant stipulation.  (ECF No. 18.)  Therein, the parties note that the deadline for Defendant to file a motion for review of the Court's denial of the motion for bail review is February 3, 2026.  (Id., citing L.R. 430.1(j).)  The parties request that this deadline be extended to March 24, 2026, for Defendant to "consider and prepare filing." (Id.)  Defendant has not otherwise provided any further justification for a continuance of 49 days.

Having duly considered the stipulation, the Court finds that Defendant has not provided good cause for the requested continuance of the deadline to file a motion for a review of a detention order.  Cf. L.R. 430.1(e).

Accordingly, the Court DENIES the request WITHOUT PREJUDICE.  At this time, any motion for review of a detention order remains due by February 3, 2026.

IT IS SO ORDERED.

Dated:  **January 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2