# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>CASHMIR CHINEDU LUKE,<br><br>      Defendant. | Case No. 1:25-cr-00230-JLT-SAB-1<br><br>ORDER REGARDING STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT, 18 U.S.C.§ 3161(h)(7)(A), B(iv)<br><br>(ECF No. 58) |

This matter was commenced by criminal complaint on June 10, 2025, against Defendant Cashmir Chinedu Luke.  (ECF No. 1.)  On December 11, 2025, Defendant was indicted on two counts of  health care fraud in violation of 18 U.S.C. § 1347(a)(1) and (2), and an accompanying forfeiture allegation, pursuant to 18 U.S.C. § 982(A)(7).  (ECF No. 7.)  Defendant pleaded not guilty, and a status conference was set for May 6, 2026.  (ECF No. 15.)

On April 29, 2026, Plaintiff filed a stipulation to continue the status conference and exclude time under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), B(iv).  (ECF No. 56.)  In support, the parties stipulated that, "[t]he government has learned of additional tax misconduct by the defendant that may be subject to a superseding indictment. The government is in the process of preparing this discovery for review by the defendant."  (Id. at ¶ 3(c).)  Additionally, the parties stipulated that, "[t]he parties, however, remain in negotiations to resolve both the healthcare fraud charges in the indictment and any potential tax charges the government may supersede the indictment with."  (Id. at ¶ 3(d).)  Furthermore, the parties stipulated that

"[c]ounsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" and that the government did not object to the continuance.  (Id. at ¶ 3(f), (g).)  The Court approved the stipulation and continued the status conference to June 24, 2026.  (ECF No. 57.)

On June 22, 2026, the parties filed a second stipulation to continue the status conference and exclude time under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), B(iv).  (ECF No. 58.) The parties' foundation is essentially based on the same support from the previous continuance, albeit with the added proffers that the parties have engaged in fruitful negotiations, and are currently exchanging drafts of a plea agreement that would resolve all criminal investigations into the Defendant and address pre-sentencing restitution payments.  (Id. at ¶ 3(d).)  The parties further proffer that "[c]ounsel for defendant believes that the additional requested time would permit him to confer with his client about finalizing an agreement with the government to resolve all health care and tax charges, review new discovery that the government is producing relevant to the additional tax charges, and discuss pre-sentencing restitution payments with the defendant."  (Id. at ¶ 3(e).)

The Court finds that the parties have not provided good cause for a second continuance on a written stipulation and accordingly DENIES the request to continue the status conference and exclude time under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), B(iv).  **The status conference previously set for June 24, 2026 at 1:00 p.m. in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone remains.**

IT IS SO ORDERED.

Dated:   **June 23, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

2