# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASHMIR CHINEDU LUKE, *also known as* Chinedu Cashmire Osuagwu, *also known as* Cashmer C. Osuagwu,<br><br>Defendant. | Case No. 1:25-cr-00230-JLT-SAB-1<br><br>ORDER REGARDING STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT, 18 U.S.C.§ 3161(h)(7)(A), B(iv)<br><br>ORDER DENYING REQUEST FOR WAIVER OF PERSONAL APPEARANCE<br><br>(ECF Nos. 61, 62) |

This matter was commenced by criminal complaint on June 10, 2025, against Defendant Cashmir Chinedu Luke. (ECF No. 1.) On December 11, 2025, Defendant was indicted on two counts of health care fraud, 18 U.S.C. § 1347(a)(1) and (2), and an accompanying forfeiture allegation, pursuant to 18 U.S.C. § 982(A)(7) . (ECF No. 7.) Defendant pleaded not guilty, and, as relevant here, a status conference is set for September 2, 2026. (ECF No. 60.)

On August 28, 2026, the Government filed a stipulation to continue the status conference and exclude time under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), B(iv). (ECF No. 62.) In support, the parties stipulate that, "[t]he discovery in this case is voluminous and review of it is ongoing. The case is complex in that it covers alleged health care fraud and now potential tax evasion charges spanning over four years." (Id. at ¶ 3(c).) Furthermore, the parties stipulate

that, "[t]he defendant provided information to the government that has led to the government's acquisition of data that may constitute reciprocal discovery. The government is currently reviewing this data, which is contained on several electronic devices belonging to the Defendant." (Id. at ¶ 3(d).) Moreover, the parties stipulate that they "have been engaged in ongoing negotiations, diligently attempting to reach a resolution," including the Government submitting its "best and final plea offer to counsel for Defendant the evening of August 27, 2026." (Id. at ¶ 3(e).) Finally, the parties stipulate that "[c]ounsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." (Id. at ¶ 3(h).) Thus, the parties believe that one final status conference would give Defendant the chance to consider the government's final offer and decide if a change of plea or a trial date should be set. (Id. at ¶ 3 (f).)

The Court finds that the parties have not provided good cause for a yet another continuance on a written stipulation (see ECF Nos. 57, 58), and accordingly, the Court will deny the request to continue the status conference and exclude time under the Speedy Trial Act. This was similar to the rationale given at the last status conference for the continuance to September 2, 2026.

Relatedly, Defendant also requests that the Court "proceed in his absence on every occasion that the Court may permit," pursuant to Defendant's request for waiver of personal appearance. (ECF No. 61.) This is the third request of a wavier of appearance by Defendant. (See ECF Nos. 28, 31, 32.) The Court denied the previous two requests. (ECF Nos. 30, 33.) As Defendant discusses it in his request, the Court is aware of Federal Rule of Criminal Procedure 43, which outlines when a defendant's presence is required and not required. However, upon consideration of the reasons offered in support, and that video appearances are only limited to Fed. R. Crim. P. Rule 5 and 10 proceedings, the Court finds that no statutory authority and/or adequate basis has been proffered for the remote appearance of either counsel or Defendant. Thus, the Court will deny the request.

/ / /

**ORDER**

For the foregoing reasons, the Court DENIES the request to continue the status conference and exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), B(iv). (ECF No. 62.) It is FURTHER ORDERED that Defendant's request for waiver of appearance is DENIED. (ECF No. 61.) **The status conference set for September 2, 2026, at 1:00 p.m. in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone remains. The defendant is ordered to appear.**

IT IS SO ORDERED.

Dated: **August 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge